IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SELINA SLUYTER, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No.: 3:19-cv-240-MOC-DSC<br>) |
| PEI WEI ASIAN DINER, LLC a/k/a<br>PEI WEI RESTAURANT and PEI WEI<br>ASIAN KITCHEN, | )<br>)<br>)<br>) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

COMES NOW Defendant Pei Wei Asian Diner, LLC ("Defendant"), by and through undersigned counsel, and hereby responds to Plaintiff's Motion to Remand this case to State Court. (Doc. No. 4).

1. Plaintiff initially filed this case in the Superior Court of Union County, North Carolina. Defendant removed the matter to this Court, asserting jurisdiction based on diversity of citizenship and an amount in controversy that exceeds $75,000, pursuant to 28 U.S.C. § 1332(a). (Doc. No. 1).

2. In her Motion to Remand, Plaintiff does not dispute the parties are diverse. Plaintiff moves to remand this case back to Superior Court on the grounds that the amount in controversy is not satisfied. (Doc. No. 4-1). In support of her Motion, Plaintiff filed an affidavit stipulating that she is not seeking damages in excess of $30,000. (Doc. No. 4-2).

3. In light of Plaintiff's recent stipulation that she is not seeking damages in excess of $30,000, Defendant does not oppose Plaintiff's Motion to Remand.

4. However, Plaintiff's request for costs and attorneys' fees incurred as a result of removal should be denied. "Absent unusual circumstances, courts may award attorney's fees under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* Furthermore, while a finding of bad faith is not necessary to support an award of attorneys' fees under 28 U.S.C. § 1447(c), "cases that award attorney's fees in this context typically involve some indication of an improper motive." *Chase Manhattan Mortgage Corp. v. Phillips*, No. 3:07-CV-00315-FDW, 2007 WL 2902993, at *1 (W.D.N.C. Oct. 2, 2007).

5. Here, Defendant had an objectively reasonable basis for removal and there is no indication of an improper motive. Plaintiff's Complaint alleges damages in excess of $25,000 for each of her three separate claims. Plaintiff's claims were not plead in the alternative. Courts in the Fourth Circuit have discretion to aggregate multiple claims for the amount in controversy determination. *See Thind v. PNC Bank, N.A.*, No. 5:13-CV-00619-FL, 2013 WL 6326600, at *2 (E.D.N.C. Dec. 4, 2013).[1] Here, the aggregate of Plaintiff's claims at the time of removal yields damages in excess of $75,000. Furthermore, the amount in controversy is determined by the allegations in the Complaint at the time of removal, and Plaintiff did not stipulate to damages less than

---

[1] District courts have recognized that "the aggregation rule operates whether or not the claims involved arise out of the same transaction or occurrence." *Oehman, Tr. of Robert Edward Oehman, Jr. Revocable Tr. v. Concert MacGregor Downs, LLC*, No. 5:18-CV-508-FL, 2019 WL 1237419, at *3 (E.D.N.C. Mar. 18, 2019); *see Wright & Miller*, 6A Fed. Prac. & Proc. Civ. § 1588 (3d ed.) (same); *see e.g., Thind*, 2013 WL 6326600, at *2 (aggregating damages sought for "breach of contract, fraud, breach of covenant of good faith and fair dealing, and negligent misrepresentation" claims).

$75,000 until after the case was removed. *Hardig v. Certainteed Corp.*, 2012 WL 423512 (W.D.N.C. Feb. 9, 2012).

6. Based on the above, Defendant had an objectively reasonable basis for removing the case to this Court and there is no indication of an improper motive.[2] Accordingly, an award of attorneys' fees is improper.

WHEREFORE, Defendant does not oppose Plaintiff's Motion to Remand and respectfully requests that Plaintiff's request for attorneys' fees be denied.

Dated this the 18th day of June, 2019.

Respectfully submitted,

/s/Carl M. Short III

Carl M. Short III, NC #46396
*Attorney for Defendant*
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704-342-2588
Facsimile: 704-342-4379
Email: carl.short@ogletree.com

---

[2] A legal argument that is supported by a limited basis of authority and is at least colorable is likely objectively reasonable. *Parker v. Johnny Tart Enters., Inc.*, 104 F. Supp. 2d 581, 585 (M.D.N.C. 1999).

# CERTIFICATE OF SERVICE

I, Carl M. Short III, hereby certify that I have this day electronically filed the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND** with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following person:

Michael David Bland
WEAVER BENNETT & BLAND P.A.
196 North Trade Street
Matthews, NC 28105
dbland@wbbatty.com

*Attorney for Plaintiff*

Dated this the 18th day of June, 2019.

/s/Carl M. Short III

Carl M. Short III, NC #46396
*Attorney for Defendant*
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
201 South College Street, Suite 2300
Charlotte, NC 28244
Telephone: 704-342-2588
Facsimile: 704-342-4379
Email: carl.short@ogletree.com

38965961.1