**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:19-CV-240-KDB-DSC**

| | |
|---|---|
| SELINA SLUYTER, | ) |
|             **Plaintiff,** | ) ) ) |
| v. | ) ) |
| PEI WEI ASIAN DINER, | ) ) |
|             **Defendant.** | ) ) ) |

## **MEMORANDUM AND RECOMMENDATION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff's unopposed "Motion to Remand" (document #4) and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Plaintiff filed this action in Union County Superior Court seeking to recover damages for a broken tooth she suffered while consuming food from Defendant's restaurant. She alleges that the food contained a bone fragment. Plaintiff asserts claims for negligence, breach of implied warranties, and breach of express warranties. Her Complaint seeks damages in excess of $25,000 on each claim. Defendant timely removed this matter alleging federal diversity subject matter jurisdiction.

Plaintiff has moved to remand arguing that the $75,000 amount in controversy has not been met. Plaintiff also submitted an Affidavit dated June 4, 2019, stating that she has never demanded nor does she seek more than $30,000 in damages. Document #4-2. Plaintiff seeks attorney's fees for improvident removal but has not briefed that issue.

In its Response, Defendant states that in reliance on Plaintiff's Affidavit, it does not oppose remand. Defendant opposes paying attorney's fees and costs. Document #6.

"Absent unusual circumstances, courts may award attorney's fees under 28 U.S.C. § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Conversely, when an objectively reasonable basis exists, fees should be denied." Id. While a finding of bad faith is not necessary to support an award of attorneys' fees under 28 U.S.C. § 1447(c), "cases that award attorney's fees in this context typically involve some indication of an improper motive." Chase Manhattan Mortgage Corp. v. Phillips, No. 3:07-CV-00315-FDW, 2007 WL 2902993, at *1 (W.D.N.C. Oct. 2, 2007). Plaintiff did not stipulate to an amount in controversy of less than $75,000 until after removal. An award of attorney's fees and costs is not warranted.

Accordingly, the undersigned respectfully recommends that Plaintiffs' Motion to Remand be granted and that each party bear its own attorney's fees and costs.

### III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion to Remand" (document #4) be **GRANTED** and this matter be **REMANDED** to Union County Superior Court.

## V.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum and Recommendation must be filed within fourteen days after service of same. Failure to file objections to this Memorandum and Recommendation with the Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED.**

Signed: July 2, 2019

David S. Cayer
United States Magistrate Judge